UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | |
|---|---|
| BRIAN BOND, Individually and For Others Similar Situated,<br><br>v.<br><br>DEVON ENERGY CORPORATION | Case No. 5:23-cv-00347-HE |

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
CONFIDENTIAL SETTLEMENT, ATTORNEY'S FEES,
AND SERVICE AWARD

Respectfully submitted,

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:  (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

Michael A. Josephson
Andrew W. Dunlap
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone:  (713) 751-0025
Telecopier: (713) 751-0030
mjosephson@mybackwages.com

**Attorneys for Plaintiffs**

# TABLE OF CONTENTS

1. Introduction .................................................................................................................1
2. Background..................................................................................................................1
3. The Parties Reach A Settlement................................................................................ 3
4. General Terms of The Settlement Agreement ....................................................... 4
   A. Settlement Class Members.................................................................................4
   B. Gross Settlement ..................................................................................................4
   C. Attorneys' Fees and Costs ..................................................................................4
   D. Enhancement Awards..........................................................................................5
   E. Notice of Settlement ............................................................................................5
   F. Distribution of Settlement Payments ................................................................5
5. The Court Should Approve the Settlement and Dismiss The Lawsuit ................ 6
   With Prejudice ........................................................................................................... 6
   A. Standard for Approval .........................................................................................6
   B. A Bona Fide Dispute Existed.............................................................................7
   C. The Settlement is Fair and Reasonable .............................................................8
   D. The Service Award Is Both Modest and Reasonable......................................9
   E. The Requested Attorney's Fees and Costs Are Reasonable .........................10
6. Conclusion .................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Austin v. Pennsylvania Dep't of Corr.*,
  876 F. Supp. 1437 (E.D. Pa. 1995) ................................................................................8, 9
*Beckman v. KeyBank, N.A.*,
  293 F.R.D. 467 (S.D.N.Y. 2013) ....................................................................................6, 7
*Camp v. Progressive Corp.*,
  No.01-2680, 2004 U.S. Dist. LEXIS 19172, at *23-24 (E.D. La. Sept. 23, 2004) ...............10
*Cimarron Pipeline Const., Inc. v. Nat'l Council on Comp. Ins.*,
  No. CIV 89-1186-T, 1993 WL 355466 (W.D. Okla. June 8, 1993) ........................................10
*Davis v. Crilly*,
  292 F. Supp. 3d 1167 (D. Colo. 2018) .................................................................................6
*Felix v. Thai Basil at Thornton, Inc.*,
  No. 14-CV-02567-MSK-CBS, 2015 WL 2265177 (D. Colo. May 6, 2015) ..........................8
*Friedman v. Quest Energy Partners LP, No. CIV-0*,
  8-1025-M, 2010 WL 4925133 (W.D. Okla. Nov. 29, 2010) ......................................................10
*Gottlieb v. Barry*,
  43 F.3d 474 (10th Cir. 1994) ................................................................................................10
*Hoffman v. Poulsen Pizza LLC*,
  No. 15-2640-DDC-KGG, 2017 WL 25386 (D. Kan. Jan. 3, 2017) ................................. 6, 10
*Jones v. Nuclear Pharmacy, Inc.*,
  741 F.2d 322 (10th Cir. 1984) .................................................................................................6
*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350 (11th Cir. 1982) ...............................................................................................6
*McCaffrey v. Mortg. Sources, Corp.*,
  No. CIV.A. 08-2660-KHV, 2011 WL 32436 (D. Kan. Jan. 5, 2011) .......................................6
*McClain v. Lufkin Indus. Inc.*,
  No. CIV. A. 9:97CV63, 2009 WL 5814124 (E.D. Tex. Dec. 22, 2009) ...................................9
*Morton v. Transcend Servs., Inc.*,
  No. 15-CV-01393-PAB-NYW, 2017 WL 977812 (D. Colo. Mar. 13, 2017) ..........................7
*Quintanilla v. A & R Demolition Inc.*,
  No. CIV.A. H-04-1965, 2008 WL 9410399 (S.D. Tex. May 7, 2008) .....................................9
*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
  314 F.3d 1180 (10th Cir. 2002) ..............................................................................................6
*Swanson v. Cathedral Energy Servs., Inc.*,
  No. 17-CV-01578-DDD, 2019 WL 4858453 (D. Colo. Oct. 2, 2019) ....................................8
*Whittington v. Taco Bell of Am., Inc.*,
  No. 10-CV-01884-KMT-MEH, 2013 WL 6022972 (D. Colo. Nov. 13, 2013) ....................10

**Statutes**

29 U.S.C. § 216(b) .................................................................................................................. 3, 10
29 U.S.C. § 255 ............................................................................................................................ 7
29 U.S.C. § 255(a) ....................................................................................................................... 3
29 U.S.C. § 260 ............................................................................................................................ 8

**Other Authorities**

Manual for Complex Litigation § 30.42 (West Group 2001) ..................................................... 10

**1.    INTRODUCTION**

Brian Bond, on behalf of himself and other workers (collectively, Plaintiffs), and Devon Energy Corporation (Devon) have reached a settlement with respect to their disputes. This settlement represents the culmination of the Parties' investigation, litigation, and negotiation. If approved, the settlement will provide compensation for alleged unpaid overtime damages to Bond and other workers who provided services to Devon during the relevant period as alleged "independent contractors."

The settlement was the result of arm's-length negotiations conducted by experienced counsel for all Parties after formally and informally exchanging information. The terms of the settlement are reasonable and appropriate and fair to all parties involved. Accordingly, Plaintiffs ask the Court to approve the Settlement Agreement referred to herein as Exhibit 1 (and filed under seal as permitted by the Court) and enter an order dismissing this lawsuit in accordance with the terms of the Parties' agreement (a proposed Order is filed herewith).

**2.    BACKGROUND**

From approximately June 2021 to July 2022, Bond performed work as a Drilling Consultant on a Devon drill site. According to Bond, he was hired to perform drilling services for Devon according to Devon's Well Plan, Drilling Procedure, specifications, policies, and expectations. He contends he worked for Devon on a continuous, as opposed to project-by-project, basis and was treated in the same manner as other Devon employees. His typical workday consisted of 10+ hours, and he worked as many as 7 days in a week. Although Bond regularly worked more than 40 hours in a week, he was not paid overtime. Instead, Bond was paid a day rate for his services.

Bond claims that under these facts, federal law required Devon to pay him, and other workers like him, overtime for each hour worked after 40 in a workweek. He filed suit against Devon alleging violation of the Fair Labor Standards Act (FLSA).

Devon, to put it mildly, disagrees. To begin, Devon points out that Bond is a highly-skilled individual who performed complicated work. Devon also notes Bond agreed, in writing, that the high-level supervisory and consulting tasks he performed would be provided on an independent contractor basis. Indeed, Devon did not pay Bond but instead paid the third-party company who provided Bond to Devon. Devon's view is that this third-party company interviewed, hired, controlled, paid, and maintained the employment records related to Bond. Therefore, Devon asserts that Bond is an independent contractor vis-à-vis Devon. If Devon prevailed on this issue, Bond would not be entitled to anything further than the agreed-upon wages he was already paid.

Devon further argued that it acted in good faith with respect to its payment practices. Devon also denied that any alleged violation of the FLSA was willful and that any class of similarly situated contractors existed.

Prior to discussing settlement, the Parties independently and thoroughly investigated the claims and defenses at issue through formal and informal discovery. They exchanged information necessary to determine who could reasonably be included in a collective action. Additionally, the Parties conducted an in-depth analysis of the potential damages, including reviewing records for the other, allegedly similarly situated, drilling consultants, interviewing witnesses, and investigating the business practices at issue. These efforts provided the Parties with great insight as to potential liability and the range of recovery at issue. Further, these

efforts, coupled with each Party's thorough preparation and familiarity with the facts and law surrounding the alleged improper pay practice, allowed all Parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation.

**3.    THE PARTIES REACH A SETTLEMENT**

Despite their stark differences in viewpoints, the Parties did their best to work through the contested issues. Devon also provided information related to its efforts to comply with the Fair Labor Standards Act (FLSA).

The Parties agreed to a settlement that gives each worker a substantial percentage of their estimated unpaid overtime with Devon – <u>net</u> of attorney's fees and costs. And the unpaid overtime was calculated using the three-year statute of limitations reserved for willful violations, rather than the "default" two-year statute of limitations under the FLSA. *See* 29 U.S.C. § 255(a). Because this matter is being settled as an FLSA collective action, each individual plaintiff will be able to decide for themselves whether to participate in the settlement or not. 29 U.S.C. § 216(b).

The Parties and their counsel agree the Settlement Agreement is a reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigations risks and the costs applicable to both sides. The Parties have engaged in arm's-length settlement negotiations involving multiple settlement sessions, and several additional rounds of extended settlement communications. Because the Settlement Agreement is a reasonable compromise and adequately compensates the participants for all the unpaid overtime hours alleged by the class, the Parties seek entry of the agreed order submitted to the Court.

**4.  GENERAL TERMS OF THE SETTLEMENT AGREEMENT**

The key details of the proposed settlement are described below and are set forth in the attached Settlement Agreement.

### A.  Settlement Class Members

For purposes of the Settlement Agreement, the Putative Class Members are the 45 individuals listed on Exhibit A to the Settlement Agreement. Because this case is being settled as an opt-in collective action, only Bond and those Putative Class Members who return a "Consent to Join and Release Form" (Consent to Join) will be considered "Settlement Class Members." *See* Settlement Agreement at 2. The Settlement Class Members will receive compensation under this Settlement Agreement and will release wage claims against Devon (and its identified affiliates). *Id.* at 4. The Settlement Class Members will retain their claims against other potentially liable third-parties. *Id.* at 4-5. Any Putative Class Member who does not timely return a signed Consent to Join will receive no money under this Settlement Agreement. Nor will they release any claims against Devon.

### B.  Gross Settlement

The Settlement obligates Devon to pay up to a maximum settlement amount ("Gross Settlement"). From the Gross Settlement, all Settlement Awards, attorneys' fees and costs, and a Service Award for Bond, will be paid.

### C.  Attorneys' Fees and Costs

Subject to Court approval, Defendant agreed to pay Plaintiffs' counsel for reasonable attorney's fees and litigation costs/administrator fees in the amounts provided in the Settlement Agreement. *See* Exhibit 1 at § 27(b)(ii).

4

### D. **Enhancement Awards**

Defendant has agreed not to oppose a request by Plaintiffs for approval of an enhancement payment to Plaintiff Bond.

### E. **Notice of Settlement**

Plaintiffs' Counsel is responsible for preparing, printing and mailing the Notices of Settlement (attached as Exhibit B to the Settlement Agreement) to all Putative Class Members. The Notice to Putative Class Members will be accompanied by a Consent to Join (included with the Notice of Settlement found at Exhibit B, page 21 of the Settlement Agreement).

Within 14 days of Court Approval of this Settlement Agreement, Devon will provide Class Counsel with the final list of the Putative Class Members. This List shall include their names, last known addresses, and, if available to Devon, last known email addresses, and phone numbers. Class Counsel will mail copies of the Court-approved Notices and the Consent to Join via U.S. first class mail, with an enclosed self-addressed postage prepaid return envelope. The Notice and the Consent to Join shall also be sent to each Putative Class Members with an available email via E-Mail. A reminder notice and email notice will be sent to those Putative Class Members who have not returned a Consent to Join within the first 30 days following the original mailing. The Consent to Join may be returned via U.S. first class mail, fax, or email within 60 days of the original mailing.

### F. **Distribution of Settlement Payments**

In accordance with the Settlement Agreement, within thirty days of Devon's receipt of the Consent to Join and Release Forms as well as W-9 tax forms for the Settlement Class,

Defendant will issue settlement checks. Defendant will provide the settlement checks to Class Counsel for distribution to the Settlement Class Members.

5. **THE COURT SHOULD APPROVE THE SETTLEMENT AND DISMISS THE LAWSUIT WITH PREJUDICE**

    A. <u>**Standard for Approval**</u>

In a lawsuit asserting wage claims under the FLSA, the district court reviews a proposed settlement to ensure the settlement agreement is a fair and reasonable resolution of a bona fide dispute between the parties. *See Davis v. Crilly*, 292 F. Supp. 3d 1167, 1171 (D. Colo. 2018); *Lunt v. Cyclone Drilling, Inc.*, No. 15-cv-02262-CMA-KMT, Docket No. 28, at p. 2 (D. Colo. Aug. 26, 2016); *Hoffman v. Poulsen Pizza LLC*, No. 15-2640-DDC-KGG, 2017 WL 25386, at *4 (D. Kan. Jan. 3, 2017); *McCaffrey v. Mortg. Sources, Corp.*, No. CIV.A. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

The Tenth Circuit recognizes the *res judicata* effect of a court-approved settlement of FLSA claims, where serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and the settlement is fair and reasonable in the judgment of the Parties. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

"Because, under the FLSA, parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date, FLSA collective actions do not implicate the same due process concerns as Rule 23 actions." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013); *Morton v. Transcend Servs., Inc.*, No. 15-CV-01393-PAB-

6

NYW, 2017 WL 977812, at *2 (D. Colo. Mar. 13, 2017). "Accordingly, the standard for approval of an FLSA settlement is lower than for a class action under Rule 23." *Beckman*, 293 F.R.D. at 476.

Thus, the Parties seek approval of the Settlement Agreement and dismissal of this lawsuit with prejudice. Here, the settlement represents a fair compromise of a bona fide dispute concerning the legality of Devon's compensation practices.

### B. A Bona Fide Dispute Existed

The Settlement Agreement resolves a bona fide dispute. In the instant case, the Parties contested the claims and defenses asserted. Bond alleged Plaintiffs were misclassified as independent contractors to avoid paying them overtime as required by the FLSA. Devon argued that the consultants at issue were properly classified as independent contractors and thus not entitled to payment of overtime. Devon further argued that, even if the consultants were found to be employees, they were exempt from receiving overtime as executive, administrative, and/or highly compensated professionals.

Further, Plaintiffs argued that all potential members of the collective were similarly situated in terms of relevant job duties and compensation practices, regardless of the length of time or location worked. On the other hand, Devon maintained Bond was not similarly situated to the other workers identified in his complaint, precluding this case from proceeding as a collective action. The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate that Devon acted willfully, which in turn affects whether Plaintiffs could recover compensation for a full 3 years, or just 2 years. *See* 29 U.S.C. § 255. Plaintiffs also contend Devon would not be able to meet its burden to prove that it acted in

7

good faith, which would implicate the amount, if any of liquidated damages. *See* 29 U.S.C. § 260. Devon maintained that, at all times, it acted in good faith, and damages (if any) should be unliquidated and be recovered only for a 2-year period.

The current settlement before the Court is the result of a bona fide and contested dispute where serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt. Without the Parties' willingness to engage in settlement discussions, this case would not have been resolved.

### C.   The Settlement is Fair and Reasonable

The Parties agree that the terms of the Settlement Agreement are fair and reasonable. In determining whether the settlement is fair and reasonable, the Court should note the "strong presumption in favor of finding a settlement fair." *See, e.g., Swanson v. Cathedral Energy Servs., Inc.*, No. 17-CV-01578-DDD, 2019 WL 4858453, at *2 (D. Colo. Oct. 2, 2019); *Felix v. Thai Basil at Thornton, Inc.*, No. 14-CV-02567-MSK-CBS, 2015 WL 2265177, at *2 (D. Colo. May 6, 2015) (finding settlement reached by the parties to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions).

Here, the settlement is a result of arm's-length negotiations by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. All sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *Swanson*, 2019 WL 4858453, at *2; *Austin v. Pennsylvania Dep't of Corr.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief

8

of experienced counsel that settlement is in the best interests of the class").

Where the settlement occurs in the context of a lawsuit, courts typically regard this "adversarial nature … to be an adequate indicator of the fairness of the settlement." *Lynn's Foods,* at 1353-54. "If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *Id.*

There can be no question that this Settlement Agreement represents fair value for the workers. The Settlement Class Members will receive payment without the risk or expense of trial. Further, each individual receiving money under this Settlement Agreement will be able to recover a specified amount calculated based upon his/her specific work weeks during the applicable period. Indeed, the amounts recovered under the Settlement Agreement are fair on both a collective and individual basis.

    **D.**    **The Service Award Is Both Modest and Reasonable**

The Service Award to Bond is both modest (decidedly less 1% of the Gross Settlement) and reasonable. Service awards for named plaintiffs are intended to recognize their initiative and efforts on behalf of the collective and the time and effort they contributed to a collective lawsuit. Moreover, the Service Award recognizes Bond's agreement to a general release as opposed to the limited release applicable to the other Settlement Class Members. Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incur during class action litigation. *McClain v. Lufkin Indus. Inc.*, No. CIV. A. 9:97CV63, 2009 WL 5814124, at *4 (E.D. Tex. Dec. 22, 2009), *aff'd,* 649 F.3d 374 (5th Cir. 2011); *Quintanilla v. A & R Demolition Inc.*, No. CIV.A. H-04-1965, 2008 WL 9410399, at *10 (S.D. Tex. May 7, 2008); *Camp v. Progressive Corp.*, No. 01-2680,

9

2004 U.S. Dist. LEXIS 19172, at *23-24 (E.D. La. Sept. 23, 2004). *See also Manual for Complex Litigation* §30.42 (West Group 2001). The requested Service Award for Bond is eminently reasonable.

### E. The Requested Attorney's Fees and Costs Are Reasonable

Plaintiffs are entitled to recover their attorney's fees and costs for their claims for overtime pay. *See, e.g.,* 29 U.S.C. § 216(b). The Settlement Agreement's provision concerning attorney's fees and costs is fair and reasonable as it reflects the market contingency of FLSA litigation. Devon does not oppose this request.

The Tenth Circuit exhaustively considered and approved the use of the percentage-of-the-fund method in *Gottlieb v. Barry*, 43 F.3d 474, 482–83 (10th Cir. 1994). The agreed upon attorney's fee is well within the range of fees found reasonable. *Friedman v. Quest Energy Partners LP*, No. CIV-08-1025-M, 2010 WL 4925133, at *5 (W.D. Okla. Nov. 29, 2010); *Hoffman*, 2017 WL 25386, at *9 (same); *Whittington v. Taco Bell of Am., Inc.*, No. 10-CV-01884-KMT-MEH, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (approving award of attorney's fees of 39% of total settlement and noting "this [request] is within the normal range for a contingent fee award" in FLSA collective action); *Cimarron Pipeline Const., Inc. v. Nat'l Council on Comp. Ins.*, No. CIV 89-1186-T, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993) (noting that "[f]ees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis"). The agreed upon fee is reasonable and appropriate.

10

**6.    CONCLUSION**

The terms of this Settlement Agreement are fair, reasonable, adequate, beneficial and in the best interests of all parties. The Settlement Agreement was reached following the exchange of information, data, and extensive negotiations. Because of the various defenses asserted by Devon, Plaintiffs faced the possibility that Devon could have successfully defeated or limited some or all of Plaintiffs' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime. Thus, the Settlement Agreement represents a fair compromise of a bona fide dispute. Moreover, given the strong likelihood that absent a settlement this case would have proceeded to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possibly appeal.

Plaintiffs hereby request the Court: (1) approve the Settlement Agreement; and (2) dismiss this lawsuit and the claims of the Settlement Class Members with prejudice.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

     ***/s/ Rex Burch***
By: _____
       Richard J. (Rex) Burch
       Texas Bar No. 24001807
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS**

11

## CERTIFICATE OF SERVICE

On the date stamped above, I served this document via the Court's ECF system.

                                                **/s/ Rex Burch**
                                                _____
                                                Richard J. (Rex) Burch

## CERTIFICATE OF CONFERENCE

I conferred with both Michael Lauderdale and Kristin Simpsen of McAfee & Taft, who represent Devon. I have confirmed they are unopposed to the relief sought in this motion.

                                                **/s/ Rex Burch**
                                                _____
                                                Richard J. (Rex) Burch